**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cv-22206-KMM

COLE SIGNORELLO and
PORTER NEUBAUER,

    Plaintiffs,
v.

SERRE FULTON MURPHY,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendant Serre Fulton Murphy's Motion to Set Aside Default, Motion to Dismiss Complaint, and Motion to Quash Service (collectively, "Motion" or "Mot.") (ECF No. 13) in response to Plaintiffs Cole Signorello and Porter Neubauer's Motion for Default Judgment (ECF No. 11). Plaintiffs filed a Response in opposition to Defendant's Motion. ("Resp.") (ECF No. 14). Defendant filed a Reply. ("Reply") (ECF No. 16). For the reasons discussed herein, Defendant's Motion is DENIED.

    **I.**    **BACKGROUND**

On June 7, 2024, Plaintiffs filed a Complaint asserting claims for: (1) Defamation (libel per se); (2) Intentional Infliction of Emotional Distress; (3) Declaratory Judgment; and (4) Fraudulent Inducement. *See generally* ("Compl.") (ECF No. 1). On July 8, 2024, Plaintiffs filed an Affidavit of Service, ("Aff. of Service") (ECF No. 7), and a signed Return of Service ("Ret. of Service") (ECF No. 7-1). These documents affirm that on June 14, 2024, Plaintiffs' process server, Bill C. Carroll ("Carroll"), left a copy of the Summons and Complaint with Defendant's mother,

Kate Bensen ("Bensen"), at the address 5026 SE Cesar E. Chavez Blvd., Portland, Oregon 97202 (the "Portland Residence"). *See* Aff. of Service at 1; Ret. of Service.

Carroll also mailed a copy of the Summons and Complaint to the Defendant's last known address, the Portland Residence. Aff. of Service at 2. Defendant did not respond to the Complaint. On July 23, 2024, a Clerk's Entry of Default was entered against Defendant. (ECF No. 9). On August 2, 2024, Plaintiffs filed a Motion for Default Judgment against Defendant in accordance with this Court's Paperless Notice of Court Practice Upon Entry of Default. *See* (ECF Nos. 10, 11). Now, Defendant moves to set aside the entry of default, dismiss the complaint, and quash service based on insufficiency of service of process. *See generally* Mot.

## II. LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure sets forth the procedural requirements for service of process. Rule 4(e) governs service upon an individual and Rule 4(e)(2)(B) allows service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). "Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings; the burden of proving the validity of service of process is on the plaintiff." *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005). Once a defendant challenges service of process, the plaintiff has the burden to demonstrate that that service was proper. *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). "A signed return of service is *prima facie* evidence of proper service." *Id.* Once a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to demonstrate with clear and convincing evidence that service of process was insufficient. *Id.*

## III. DISCUSSION

In the Motion, Defendant argues that Plaintiffs' service of process was deficient and as such the default entered against him must be set aside ("Motion to Set Aside Default"), service must be quashed ("Motion to Quash Service"), and Plaintiffs' Complaint must be dismissed ("Motion to Dismiss Complaint") pursuant to Federal Rules of Civil Procedure "60(b)(4), 55(c), and 12(b)(5)." *See* Mot. at 1. The Court first addresses Defendant's Motion to Quash Service, then addresses Defendant's Motion to Set Aside Default, and last addresses the Defendant's Motion to Dismiss Complaint.

### A. Motion to Quash Service

Defendant argues that service should be quashed because the substitute service on Defendant did not comport with Rule 4 of the Federal Rules of Civil Procedure as service was not effectuated at Defendant's "usual place of abode." *Id.* at 3. Plaintiffs argue that service should not be quashed because Defendant was properly served under Rule 4(e) as a copy of the Summons and Complaint was left at Defendant's address, the Portland Residence, with Defendant's mother, Bensen, who is someone of suitable age and discretion and resides there, and Defendant also had actual notice of the Complaint. *See* Resp. at 6–10; *see also* Fed. R. Civ. P. 4(e)(2)(B) ("Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there").

Once a defendant challenges service of process, the plaintiff has the burden to demonstrate that service was proper, and "[a] signed return of service is *prima facie* evidence of proper service." *Hollander*, 2009 WL 3336012, at *3. If a plaintiff makes a *prima facie* showing of proper service, then the burden shifts back to the defendant to demonstrate with clear and convincing evidence

3

that service of process was insufficient. *Id.* Here, Plaintiffs have provided the signed Return of Service, and as such, the Court finds that Plaintiffs have made a *prima facie* showing of proper service. *See* Ret. of Service; *see also Hollander*, 2009 WL 3336012, at *4; 5B Wright & Miller Federal Practice and Procedure Civil 3d § 1353, at 343. The burden shifts to Defendant to demonstrate with clear and convincing evidence that the service of process was insufficient. *See Hollander*, 2009 WL 3336012, at *4; 5B Wright & Miller Federal Practice and Procedure Civil 3d § 1353, at 343.

Defendant asserts that service was insufficient because the Portland Residence is not his "dwelling or usual place of abode" within the meaning of Rule 4(e). *See* Mot. at 3. To support his claims, Defendant provides a sworn declaration from himself ("Def. Decl.") (ECF No. 13-1) and his mother, Bensen ("Bensen Declaration" or "Bensen Decl.") (ECF No. 13-2). Defendant declares that he has been domiciled in Portugal since June 5, 2023, and prior to that he was an approved resident of the United Kingdom. Def. Decl. ¶¶ 2, 6. Defendant also states that he has not lived at the Portland Residence since 2014, that from 2017 to August 2024 he has been in the United States for less than 24 months, and during his time in the United States he did not reside at the Portland Residence but at a different property in Portland, which he sold in September 2023. *Id.* ¶¶ 3, 7. Defendant further declares that while his mother, Bensen, resides in one of the Portland Residence's bedrooms, he has rented out the other bedrooms through Airbnb since 2015. *Id.* ¶ 3.

In the Bensen Declaration, Defendant's mother declares that the process server, Carroll, knocked on the door of the Portland Residence, asked her if she was Kate Bensen, and told her that he had documents for her son, Defendant. Bensen Decl. ¶ 4. Bensen further declares that she told Carroll that Defendant "was not at the home," and in response, Carroll handed her "the papers

4

and told [her] that it was a complaint from Florida." *Id.* Bensen also declares that Carroll never asked if Defendant lived at the home. *Id.* ¶ 5.

In response, Plaintiffs have offered counter evidence. *See Hollander*, 2009 WL 3336012, at *4 ("When a defendant supports his or her motion to quash with affidavits, the plaintiff is permitted to submit counter-affidavits, depositions, or oral testimony."). Plaintiffs offer the sworn declaration of an investigator hired by Plaintiffs, Vincent Minecci, ("Minecci Declaration" or "Minecci Decl.") (ECF No. 14-1), an affidavit of the process server, Carroll, ("Carroll Affidavit" or "Carroll Aff.") (ECF No. 14-2), and the Affidavit of Service. Additionally, Plaintiffs in their Response point to the fact that Defendant in his Motion or supporting documents "did not disavow that he was in Portland at the [Portland Residence] when service was consummated," as believed by Plaintiffs, nor did he in his Reply. Resp. at 7; *see generally* Mot.; Reply.

First, turning to the Minecci Declaration, Minecci declares that he conducted independent research in an effort to show that Defendant's usual place of abode is the Portland Residence. *See generally* Minecci Decl. As provided, Minecci's research shows that according to the public records of the Multnomah County Department of County Management, Defendant has been the sole owner of the Portland Residence since October 9, 2009. *Id.* ¶ 5, Ex. 1. Defendant's valid driver's license, issued on February 25, 2019, lists the Portland Residence as his address, and Defendant's active voter registration, which he registered for on October 27, 2017, lists the Portland Residence as his address. *Id.* ¶¶ 6, 9, Exs. 2, 4. Further, Minecci declares that according to a commercial database of telephone subscription data, the telephone number registered to Defendant lists the Portland Residence as Defendant's address. *Id.* ¶ 10, Ex. 5. Additionally, according to the Oregon Secretary of State, Defendant started a business, Dirty Clean Records LLC, organized on March 8, 2023, and the articles of organization list its principal place of

5

business, mailing, and service of process address as the Portland Residence and lists Defendant's address as the Registered Agent, Organizer, and Principal as the Portland Residence. *Id.* ¶ 7, Ex. 3. However, the business was administratively dissolved on May 9, 2024. *Id.* Minecci also declares that he was advised that Plaintiffs attempted to locate Defendant in Portugal to no avail, and in late May 2024, Defendant's "Lisbon lawyer advised that [Defendant] was in the United States." *Id.* ¶ 13.

Next, turning to the Carroll Affidavit and Affidavit of Service, Carroll states that he knocked on the door of the Portland Residence and Defendant's mother, Bensen, answered. Aff. of Service at 1. Carroll states that he first confirmed that Bensen was Defendant's mother and then told her that he had documents to deliver to her son. *Id.* Next, Carroll states that Bensen told Carroll that Defendant was not there, but she would give the documents to Defendant. *Id.* Next, Carroll told her that the documents were time sensitive and "it would be best if [Defendant] got them right away." *Id.* Carroll also provided Bensen with Carroll's business card. *Id.* at 2. Additionally, Carroll mailed a copy of the Summons and Complaint to Defendant's last known address, the Portland Residence, and sent a text message to the Defendant's registered cellular telephone number asking for confirmation of receipt. *Id.*; Carroll Aff. ¶ 3.

Based on the declarations and affidavits provided by Defendant and Plaintiffs, it is clear that the Parties offer conflicting evidence over whether service of process was sufficiently effectuated based on whether the Portland Residence is Defendant's "dwelling or usual place of abode" under Rule 4(e)(2)(B). The Eleventh Circuit has held that "[a]ny conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff." *Kammona*, 587 Fed. App'x. 575, 578 (11th Cir. 2014) (citing *Madara v. Hall*, 916 F. 2d 1510, 1514 (11th Cir. 1990)); *see also Happy Tax Franchising, LLC v. Hill*, No. 19-CV-24539-FAM, 2022 WL 6744545, at *3 (S.D. Fla.

6

July 22, 2022) (resolving conflicts in favor of third-party plaintiffs and in favor of finding proper service where the defendant only provided "general averments" in the form of an affidavit from his mother that the court found were "too vague and amorphous to refute the presumption of validity attendant" to an affidavit of service). Overall, the Court finds that Defendant has not met his burden of showing strong and convincing evidence to overcome Plaintiffs' *prima facie* evidence that service of process was sufficiently effectuated coupled with the declaration, affidavits, and exhibits attached thereto provided by Plaintiffs.

Defendant does not dispute that he still owns the Portland Residence or that it is listed as his address on his active driver's license and voter registration which were both issued years after Defendant claims he no longer lived at the Portland Residence, and overall, call into question Defendant's own statements regarding where he has lived and when. *Compare* Def. Decl. ¶¶ 3, 7 (where Defendant declares he has not resided at the Portland Residence since 2014), *with* Minecci Decl. ¶¶ 6, 7, 9, Exs. 2–4 (providing public records showing that Defendant listed the Portland Residence as his home address for his voter registration in 2017, for his driver's license in 2019, and for his business in 2023); *see also Baker v. Stearns Bank, N.A.*, 84 So.3d 1122, 1126 (Fla. Dist. Ct. App. 2012) (including a photocopy of current driver's license substantiated "usual place of abode"); *compare Hollander*, 2009 WL 3336012, at *4 (finding that defendant offered strong and convincing evidence that plaintiff could not overcome where property records showed that the defendant owned the property at the relevant address at one time but no longer owned it at the date of service of process).

Additionally, while Defendant supports his claim that the Portland Residence is not his "dwelling or usual place of abode" by pointing to the fact that he rents out the Portland Residence through Airbnb, a court in this district previously rejected a similar argument. Def. Decl. ¶¶ 3, 4;

7

*see Argoitia v. C & J Sons, LLC*, No. 13-62468-CIV, 2014 WL 12570239, at *1 (S.D. Fla. May 15, 2014). In *Argoitia*, the court denied a Motion to Quash Service where the plaintiff served the defendant by leaving a copy of the summons and complaint with defendant's son at what plaintiff believed to be the defendant's home residence. 2014 WL 12570239, at *1. There, the defendant co-owned the relevant property with her son but asserted that the residence was not her "dwelling or usual place of abode" because the residence was an investment property, and she further claimed that she never resided there and instead resided in Venezuela. *Id.* The court found that even if the property was an investment property, the defendant had not provided strong and convincing evidence to overcome plaintiff's *prima facie* showing of proper service where the defendant's son accepted service on defendant's behalf, told the process server that defendant resided there, and defendant was a "a co-owner of the property and appear[ed] to visit the property with some frequency." *Id.*

Additionally, finding that service of process was sufficiently effectuated here, even if it were to be considered a liberal construction of the rules, is consistent with the due process requirements of service of process because Defendant had notice that this action was initiated against him. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Adan v. Bermudez*, No. 1:19-CV-20825-KMM, 2019 WL 13237715, at *4 (S.D. Fla. May 22, 2019) ("Although service of process statutes are generally strictly construed, '[c]ourts are to construe [service of process rules] liberally to effectuate service where actual notice of the suit has been received by the defendant.'" (citing *Hollander*, 2009 WL 3336012, at *2)); *Barberi v. St. Croix Dev. Corp.*, No. 18-23887-CIV, 2019 WL 13260555, at *3

(S.D. Fla. Apr. 11, 2019), *report and recommendation adopted*, No. 18-CV-23887, 2019 WL 13260554 (S.D. Fla. May 2, 2019) (stating that the primary purpose of the service of process rules is to give a defendant notice that an action has been initiated).

Here, it is clear that Defendant had actual notice of the suit. First, Defendant reached out to talk to Plaintiffs' counsel on June 10, 2024, three days after the Complaint was filed and on the same day the Summons was issued. *See* Minecci Decl. ¶ 11. Second, in response to the process server, Carroll's, initial text to Defendant on June 14, 2024, asking Defendant to confirm receipt of process, Defendant sent numerous text messages back to Carroll throughout July 2024. *See* Carroll Aff. ¶¶ 3–8. While many of the text messages are incoherent, Defendant references Carroll going to the Portland Residence and serving process on Defendant's mother, Bensen. *Id.* ¶¶ 7–8. Third, on July 10, 2024, Defendant's counsel in Portugal told Plaintiffs' counsel in Portugal that based on Defendant's directive, Defendant's counsel was to "cease all contact" with Plaintiffs' counsel in Portugal due to the "U.S. case" that was brought against Defendant that he was "now concentrating his attention on." Minecci Decl. ¶ 11. Lastly, Defendant in neither his Motion nor Reply alleges that he did not have actual notice of this action. *See generally* Mot.; Reply; *see Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985) ("If the court finds that the defendant received notice of the complaint and the plaintiff made a good faith effort to serve the defendant pursuant to the Rule, then the court will most likely find that service of process has been effective."). Accordingly, the Motion to Quash Service is denied.

### B. Motion to Set Aside Default

As an initial matter, the Court notes that Defendant moves to set aside the default pursuant to Federal Rules of Civil Procedure 60(b)(4) and 55(c). However, only Rule 55(c) applies to vacating entries of default, and Rule 60(b)(4) applies to vacating final default judgments. *See*

*Friedman v. Schiano*, No. 16-cv-81975, 2017 WL 11487874, at *3 (S.D. Fla. Nov. 14, 2017), *aff'd*, 777 F. App'x 324 (11th Cir. 2019) ("Rule 55(c) is the vehicle for vacating entries of default . . . [and] the proper rule for vacating final default judgments is Rule 60(b)."). Because final default judgment has not been entered in this case, Defendant may only seek to vacate the entry of default pursuant to Rule 55(c).

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). "Good cause" is "a liberal [standard]--but not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). In evaluating good cause, courts consider whether the default was culpable or willful, the speed with which the defaulting party sought to correct the entry of default, and whether setting aside the default will prejudice the adversary. *See SEC v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011).

Invalid service of process is the only reason that Defendant provides to justify setting aside the entry of default. As discussed above, service of process was properly effectuated upon Defendant, and Defendant who was on notice of this cause of action has provided no other justification for his failure to respond to the Complaint. Additionally, Defendant has failed to present any semblance of a meritorious defense. While all that is required is a "hint of suggestion that [the] case has merit," Defendant has failed to meet that minimal standard.[1] *See Brown Bark III, L.P. v. Cofresi Torres*, No. 09-22589-CIV, 2010 WL 10363, at *4 (S.D. Fla. Jan. 4, 2010); *Griffin IT Media. Inc. v. Intelligent Corp.*, No. 07-80535-CIV-MARRA, 2008 WL 162754, at *3

---

[1] Defendant merely states that pursuant to Rule 55(c) the court may set aside an entry of default for good cause but provides no analysis or argument why the Court should find that there is "good cause" here. Mot. at 1-2. He only provides the conclusory statement that "Plaintiff's attempt[ed] substitute service fails as a matter of law[,] [and] [a]ccordingly, Defendant was never served with process and default entered against him must be vacated." *Id.*

(S.D. Fla. Jan. 16, 2008) (citation omitted). Therefore, the Court does not find good cause to vacate the entry of default. *Compare Barberi v. St. Croix Dev. Corp.*, No. 18-23887-CIV, 2019 WL 13260555, at *3 (S.D. Fla. Apr. 11, 2019), *report and recommendation adopted*, No. 18-CV-23887, 2019 WL 13260554 (S.D. Fla. May 2, 2019) (finding the defendant did make a sufficient showing of good cause where defendant presented an affidavit that the alleged receiver of the service of process never actually received notice of the action, that default was not willful, and that defendant would have timely responded to the complaint if it believed that service of process was proper). Accordingly, the Motion to Set Aside Default is denied.

### C. Motion to Dismiss Complaint

Lastly, Defendant also states that the Complaint must be dismissed for insufficiency of service of process. Under Rule 12(b)(5), a defendant may bring a motion to dismiss based on insufficient service of process. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014). The Court has already addressed Defendant's arguments regarding service of process above and has found that service of process was sufficient. Accordingly, the Motion to Dismiss Complaint is denied.

## IV.   CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Set Aside Default, Motion to Dismiss Complaint, and Motion to Quash Service (ECF No. 13) is DENIED. The Court will address Plaintiffs' Motion for Default Judgment (ECF No. 11) in due course.

DONE AND ORDERED in Chambers at Miami, Florida, this  16th  day of December, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:   All counsel of record