UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-22206-MOORE/Elfenbein

COLE SIGNORELLO, and
PORTER NEUBAUER,

    *Plaintiffs*,

v.

SERRE FULTON MURPHY,

    *Defendant*.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
"OBJECTIONS" TO REPORT AND RECOMMENDATION**

    Plaintiffs, Cole Signorello and Porter Neubauer ("Plaintiffs"), by and through undersigned counsel and pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72(b), and Local Magistrate Rule 4(a), respectfully submit this Response to Defendant Serre Fulton Murphy's purported Objections to the Report and Recommendation on Plaintiffs' Motion for Default Judgment [ECF No. 43]. Plaintiffs request that the Court disregard Defendant's improper objections and adopt, in part, the Report and Recommendation (the "R&R") [ECF No. 37] subject only to Plaintiffs' timely-filed Objections [ECF No. 42].

### I.    INTRODUCTION

    Defendant's so-called "Objections" should be disregarded. Defendant defaulted on July 23, 2024 [ECF No. 9], and this Court denied his motion to set aside that default on December 16, 2024 [ECF No. 18]. As a result, Defendant has forfeited any right to contest Plaintiffs' well-pleaded allegations, oppose their Motion for Default Judgment, or object to the R&R.

1

Even setting forfeiture of Defendant's ability to respond aside, Defendant's filing is not a valid objection under Rule 72(b). It raises no substantive challenge to the R&R's findings or recommendations, but instead quibbles with a single background sentence describing the case as arising from "an altercation." Def.'s Objections at 1, 3-4. This statement is of no consequence and cannot serve as a basis to reject or modify the R&R.

## II.     ARGUMENT

### A.  Defendant Forfeited Any Right to Object

The Eleventh Circuit has made clear that a defaulted defendant admits the plaintiff's well-pleaded allegations of fact and may not continue to litigate the merits. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'"). Courts in this District routinely hold that once default has been entered, the defendant cannot participate further in the proceedings absent good cause to set aside the default. *See, e.g.*, *Nat'l Indem. Co. of the S. v. H & C Fla. Trucking, Inc.*, No. 6:22-cv-74, 2023 WL 1824564, at *2 (M.D. Fla. Jan. 31, 2023) (rejecting motion to set aside default and noting that defaulted defendant could not meaningfully participate in the case); *World Atl. Airlines v. Dynamic Int'l Airways, LLC*, No. 16-62278-CIV, 2017 WL 3107193, at *2 (S.D. Fla. Mar. 22, 2017) (explaining that a defaulted defendant cannot contest the sufficiency of the evidence).

Here, Defendant defaulted after failing to answer, and this Court denied his motion to set aside that default. He therefore is not entitled to object to the R&R. His filing is improper on that basis alone.

### B. Defendant's Filing Is Not a Proper Objection Under Rule 72(b)

Under 28 U.S.C. § 636(b)(1)(B) and Rule 72(b), the Eleventh Circuit requires that objections "clearly advise the district court and pinpoint the specific findings" at issue. *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). Generalized grievances or quarrels with background descriptions do not qualify – precisely what Defendant's own filing, which itself cites *Schultz* (Def.'s Objections at 2), amounts to here. *Id.* (explaining that "objection[s] must clearly advise the district court and pinpoint the specific findings" at issue, and concluding that "a generalized re-assertion . . . was not specific enough or clear enough to permit the district court to 'effectively review' the magistrate judge's ruling").

Defendant's filing challenges only the R&R's summary sentence that "[t]his lawsuit arises out of an altercation between Plaintiffs and Defendant." Def.'s Objections at 1. He asserts the case is more accurately described as arising from defamatory statements. *Id.* That is not a substantive objection to any finding or recommendation. It does not bear on liability, damages, or the relief recommended. At most, it is a semantic disagreement with how the R&R framed the background. Such non-objections are insufficient under Rule 72(b) and may be disregarded. Moreover, it is an admission that Defendant engaged in defamatory statements.

### C. Even If Considered, the "Objection" Is Meritless

Even if the Court were to consider Defendant's argument, it is unfounded. The R&R accurately summarized the Complaint, which alleged both a physical altercation in Lisbon and a subsequent campaign of defamation. *See* Compl. ¶¶ 9-62. Defendant, by defaulting, admitted those allegations in full. *Eagle Hosp.*, 561 F.3d at 1307.

The Magistrate Judge's passing reference to an "altercation" as background does not mischaracterize the action in any consequential manner or undermine the substantive

recommendations – and Defendant's comments as to the description of the events cannot alter the record he has already admitted by defaulting.

### III.   CONCLUSION

Defendant's "Objections" are therefore procedurally improper and substantively baseless. The Court should disregard them in their entirety and proceed to resolve Plaintiffs' Objections to the R&R.

Dated:  September 8, 2025

        Respectfully submitted,

        By: */s/ Hans H. Hertell*
        Marty Steinberg
        Fla. Bar No.:  187293
        marty.steinberg@hoganlovells.com
        Hans H. Hertell
        Fla. Bar No.:  071969
        hans.hertell@hoganlovells.com

        **HOGAN LOVELLS US LLP**
        600 Brickell Ave., Suite 2700
        Miami, FL 33131
        Telephone:  (305) 459-6500
        Facsimile:  (305) 459-6550

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2025, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

By: */s/ Hans H. Hertell*

5